IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLENE S., <br><br> Claimant, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br><br> Respondent. | No. 19 C 695 <br><br> Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM ORDER**

This matter is before the Court on Claimant's Motion for Authorization of Attorney Fee Pursuant to 42 U.S.C. 406(b)[ECF No. 29]. For the reasons stated below, the Motion is granted.

On October 1, 2019, the Court remanded this matter to the Commissioner of Social Security for further proceedings. *See* [ECF No. 24]. After remand, an Administrative Law Judge issued a favorable decision on November 30, 2021, finding Claimant disabled as of April 12, 2014. *See* [ECF No. 30-1] On May 8, 2022, the Social Security Administration issued a Notice of Award finding Claimant was due $49,176.00 in total past-due benefits. *See* [ECF No. 30-2] (Notice of Award). Of this amount, $12,294.00 represents 25% of the award and was withheld for the direct payment of an attorney fee by the Social Security Administration. *See* [ECF No. 30-3] (Representative Fee Letter). Counsel has already been awarded an Equal Access to Justice Act ("EAJA") fee of $10,692.96. [ECF No. 29]. Claimant's counsel requests that the Social Security Administration release the amount of the prior EAJA award of $10,692.96 directly to Claimant and the remaining $1,601.84 to counsel. The Commissioner does not oppose counsel's request for attorney fees but cannot stipulate or agree to the award of fees because any payment will be deducted from Claimant's past due benefits and will not be composed of any agency funds. *See* [ECF No. 31].

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level as well as representation in federal court. *See* 42 U.S.C § 406(a) and (b); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Under section 406(b), a district court may award a reasonable fee to the attorney who successfully has represented a claimant in federal court, not to exceed 25% of any past-due benefits awarded to a claimant. See 42 U.S.C. § 406(b)(1)(A);

*Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Id.* at 808. Reasons to reduce an award include an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. *Id.*

The Court finds that counsel's request for $12,294.00 in attorney fees is reasonable and there is no reason to reduce the amount requested. Claimant's attorney has experience in the field of social security benefits. Counsel's efforts resulted in a positive result for Claimant, and the benefits obtained for Claimant in this case were substantial. Counsel states that he spent 60.50 hours representing Claimant in federal court. *See* [ECF No. 30-4] (Itemization of Attorney Time). Although a lodestar calculation is not determinative under *Gisbrecht*, the lodestar in this case results in an hourly rate of $203.21, which falls well below other awards that have been found reasonable and have been entered in this district.[1] The effective hourly rate for the time counsel spent pursuing this case in this court is not so high as to cause the Court to characterize it as a windfall based on the work performed, the result achieved, the attorney time spent in the litigation, and the attorney fees awarded in similar cases in this district. The Court finds that an award of $12,294.00 for attorney fees is reasonable given the contingent nature of this case and the favorable past-due benefit award.

For these reasons, Claimant's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. 406(b) [ECF No. 30] is granted, and the Social Security Administration shall release $10,692.96 directly to Claimant and the remaining $1,601.84 is awarded to counsel.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: September 7, 2022

---

[1] *See, e.g., Evans v. Saul*, Case No. 16 C 4962 (N.D. Ill. July 12, 2019) (awarding an effective hourly rate of $1,492.21); *Zambrano v. Berryhill*, Case No. 14 C 0048 (N.D. Ill. May 30, 2017) (awarding $1,232.00 per hour); *Kirby v. Berryhill*, 2017 WL 5891059 (N.D. Ill. Nov. 29, 2017) (awarding $1,612.28 per hour); *Smith v. Colvin*, Case No. 14 C 3923 (N.D. Ill. Dec. 21, 2016) ($1,437 per hour); *Newman v. Colvin*, No. Case No. 13 C 6942 (N.D. Ill. Oct. 28, 2015) ($1,430.00 per hour).